## Stockwell v. McDowell.

*Lawrence B. Cook*, for plaintiff; *Dickie, Kier & McCamey*, for defendant.

PATTERSON, J., Jan. 22, 1929.—This is a motion to take off a compulsory non-suit. The five reasons assigned resolve themselves into one cogent proposition, namely, the refusal of the trial judge to admit certain alleged self-disserving statements of defendant.

Plaintiff was injured by an automobile owned by defendant. The evidence offered by plaintiff is sufficient to establish negligence on the part of the driver without any contributory negligence. Defendant was not present at the scene of the accident. The driver was defendant's son, who has since disappeared and was not available at the trial. There were two or three other persons in the car. The testimony as to their identity and number is conflicting; one witness for plaintiff says there were three ladies in addition to the driver; another says, "I noticed three in there, one lady I saw and I think it was a little child."

The refusal of the trial judge to admit alleged declarations by defendant is the sole question involved, because with the declarations proposed to be proved there would be sufficient evidence to submit to the jury.

The questions propounded at the trial to plaintiff and his wife and a certain Mrs. Jolieffe, testifying for plaintiff, indicated the proof by which liability of defendant was to be established. It consisted of two factors: one, that defendant stated, while ill in the Canonsburg Hospital, that she had sent some friends who were visiting her home in her car with her son the day or evening of the accident; second, that defendant also stated that the friends who were visiting her were in the car at the time of the accident. By this proof, plaintiff sought to show that defendant's son was using the car at the time of the accident at defendant's direction and in or about the affairs of defendant. These statements were alleged to have been made under somewhat peculiar circumstances. It appears, from the testimony, that the instant case is the second suit by the same plaintiff against this defendant. The first one went to trial on March 25, 1927. What the result was does not appear in this record, and three days after that trial plaintiff and his wife went to visit defendant, who was ill at the hospital at Canonsburg, Pennsylvania, and it was then that she is said to have made the admissions by which she is supposed to have, at least inferentially, expressed her liability. Then this action was brought.

The witnesses were permitted to testify that the defendant stated that she had sent her son home with some friends the day or evening of the accident, but the trial judge was of the opinion that this was not sufficient to permit an inference against the defendant without some additional testimony to show that the son was so engaged at the time of the accident. The testimony that defendant had said her visitors were in the car at the time of the accident (which, taken in connection with the other declaration, would have sufficed to send the case to the jury) was rejected because it was obviously predicated upon mere hearsay, inasmuch as defendant was never at the scene of the accident.

That admissions against interest are always competent against the parties to litigation is an evidential principle beyond need of discussion: Shirley v. Shirley, 59 Pa. 267, 275; Wolf v. Studebaker, 65 Pa. 459; and there is authority for the *dictum* that the only question of competency is whether or not the admission is really that of a party in interest: Bowen v. De Lattre, 6 Wharton, 429, 432. But we have also the stated principle that such evidence is properly restricted to admissions of material facts within the knowledge of the party making the admission and cannot safely be extended to his declaration of the admission of others: Quinlan v. Davis, 6 Wharton, 168. In the 16th Edition of Greenleaf on Evidence, page 233, § 148, the rule is stated as follows: "The ground upon which this evidence is received is the extreme improbability of its falsehood. The regard which men usually pay to their own interest is deemed a sufficient security, and such that the declarations were not made under any mistake of fact or want of information on the part of the declarant, if he had the requisite means of knowledge. . . ."

We believe the sound and reasonable statement of the rule is that admissions against interest as to material facts are always competent as against parties to the suit, when such facts are or could be within the knowledge of the declarant.

In the instant case, it is entirely obvious that any admission by this defendant as to who or how many passengers were in the car at the time of the accident must be predicated upon what she was told by her son after the accident.

The admission attributed to defendant, then, is not her admission, but only an admission of her son's declaration. She would be incompetent to testify in her own behalf as to what her son may have told her. Is it reasonable, then, that such testimony may be invoked against her from the lips of others?

Recapitulating, we have in evidence the declaration by defendant that she had sent her son that day or evening with her car to drive her visitors to their home, but that he was so engaged when the accident happened nowhere appears. It would suffice if there were competent evidence to prove that the persons in the automobile when the accident happened were the same that he had been directed to convey to their home, but the admission of defendant through which this essential additional fact might be established was held incompetent. We are, therefore, of opinion that the non-suit was proper.

From William J. Aiken, Pittsburgh, Pa.